IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON ANDREW DOUGLAS,

    Petitioner,                    No. CIV S-97-0775 FCD GGH P

    vs.

S. CAMBRA, et al.,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 18, 2000, this court dismissed as procedurally defaulted petitioner's claims that were raised in his state habeas petition but not in his petition for review. On July 19, 2004, the Ninth Circuit Court of Appeals reversed and remanded this order. The Ninth Circuit stated that petitioner did not have sufficient notice or opportunity to prepare arguments regarding the adequacy of procedural rules under the new standard described in Bennett v. Mueller, 322 F.3d 573 (9th Cir. 2003).

    On October 13, 2004, the court ordered the parties to file briefing addressing the remaining claims. On November 8, 2004, respondent filed a supplemental answer. On March 7, 2005, petitioner filed a supplemental traverse. On May 5, 2005, oral argument was held. Daniel

1

Bernstein appeared on behalf of respondent. Allison Claire appeared on behalf of respondent.

After considering the record and argument, the court finds that the remaining claims are procedurally barred.

II. Discussion

In 1993 petitioner was convicted of first degree murder and arson of an inhabited dwelling. In May 1994 petitioner filed a petition for review. On June 22, 1994, the California Supreme Court denied the petition for review without comment or citation. On April 28, 1997, petitioner filed the original federal petition raising three claims. On May 12, 1998, this action was stayed pending petitioner's exhaustion of additional claims. On April 27, 1998, petitioner filed a habeas corpus petition with the California Supreme Court. On November 24, 1998, the California Supreme Court denied the petition citing In re Swain, 34 Cal. 2d 300, 304 (1949) and In re Robbins, 18 Cal. 4th 770, 780 (1998).

On December 7, 1998, petitioner filed a second amended petition in this action. As discussed above, on August 18, 2000, the court dismissed the claims to which the Swain and Robbins citations applied as procedurally barred.

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2554 (1991); Harris v. Reed, 489 U.S. 255, 260-62, 109 S. Ct. 1038 (1989). Generally, the only state law grounds meeting these requirements are state procedural rules. However, the procedural basis of the ruling must be clear. Ambiguous reference to procedural rules is insufficient for invocation of procedural bar. Calderon v. United States District Court (Bean), 96 F.3d 1126, 1131 (9th Cir. 1996). Similarly, where the procedural and merits analysis are intermixed, it cannot be said that the procedural bar is independent of federal law, i.e., there is no plain statement of reliance on procedural bar. Harris v. Reed, supra.

/////

If there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner demonstrates: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. Harris, 489 U.S. at 262, 109 S. Ct. at 1043. The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 1476 (1991). Examples of cause include showings "that the factual or legal basis for a claim was not reasonably available to counsel," "that some interference by officials made compliance impracticable," or "of ineffective assistance of counsel." Murray, 477 U.S. at 488, 106 S. Ct. at 2645. Prejudice is difficult to demonstrate:

> The showing of prejudice required under Wainwright v. Sykes is significantly greater than that necessary under "the more vague inquiry suggested by the words 'plain error.'" Engle, 456 U.S., at 135, 102 S.Ct., at 1575; Frady, supra, 456 U.S., at 166, 102 S.Ct., at 1593. See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). The habeas petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, supra, at 170, 102 S.Ct., at 1596.

Murray v Carrier, 477 U.S. at 493-494, 106 S. Ct. at 2648 (1986). Although different phraseology is used in the default context from that used in the ineffective assistance of counsel prejudice inquiry, as stated above, the ultimate application of the two prejudice inquiries is essentially similar—that is, whether the prejudice is sufficient to have undermined the reviewer's confidence in the result of the trial.

In the March 14, 2000, findings and recommendations, this court found that the citations to Swain and Robbins indicate that the California Supreme Court found that petitioner failed to timely present his claims. The parties do not dispute that finding in their supplemental briefing.

1  In <u>Bennett v. Mueller</u>, 322 F.3d 573 (9th Cir. 2003) the Ninth Circuit considered
2 whether California's timeliness rule constituted an independent and adequate state ground
3 barring federal relief. It found the timeliness rule to be independent, 322 F.3d at 581, but
4 remanded the issue of adequacy to the district court. 322 F.3d at 586. This court now considers
5 whether the timeliness rule is adequate.

6  To be deemed adequate, a state law ground for decision must be well-established
7 and consistently applied. <u>Bennett</u>, 322 F.3d at 582, citing <u>Poland v. Stewart</u>, 169 F.3d 573, 577
8 (9th Cir. 1999). In his supplemental traverse, petitioner argues that California's timeliness rule is
9 not well-established because it is vague and standardless. In <u>Bennett</u>, the Ninth Circuit implicitly
10 found that California's timeliness rule was well-established and instead focused on whether the
11 rule was consistently applied. Nevertheless, the court will briefly address petitioner's argument
12 that the timeliness rule is not well-established below.

13  On remand, the district court in <u>Bennett</u> discussed California's timeliness bar:

California "has long required that a petitioner in a habeas corpus proceeding justify any substantial delay in seeking relief." <u>Bennett</u>, 322 F.3d at 579 (citations omitted). However, in <u>In re Clark</u>, 5 Cal.4th 750, 763, 21 Cal.Rptr.2d 509, 517, 855 P.2d 729 (1993)("<u>Clark</u>"), a capital case, the California Supreme Court acknowledged that prior law had not established "clear guidelines regarding state procedural limitations on habeas corpus petitions. <u>Clark</u> recognized that, in 1989, the California Supreme Court adopted new Policies containing express timeliness standards for death penalty cases. <u>Id.</u> at 782-82, 21 Cal.Rptr.2d at 532, 855 P.2d 729. <u>Clark</u> indicated that the Policies "did not create or modify the timeliness requirements applicable to all habeas corpus petitions," but established for capital cases, a presumption of timeliness if the petitioner filed a petition within ninety days of the final due date of an appellate reply brief. See <u>Clark</u>, 5 Cal.4th at 782-83, 21 Cal.Rptr.2d at 530-31, 855 P.2d 729. <u>Clark</u> explained that "any substantial delay in the filing of a petition after the factual and legal bases for the claim are known or should have been known must be explained and justified." <u>Id.</u> at 784, 21 CalRptr.2d at 532, 855 P.2d 729,

<u>Clark</u> also recognized an exception to the timeliness requirements for "petitions which allege facts which, if proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence." <u>Clark</u>, 5 Cal.4th at 797, 21 Cal.Rptr.2d at 540, 855 P.2d 729. This "fundamental miscarriage of justice" exception applies when "it can be demonstrated: (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or

4

crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission no reasonable judge or jury would have imposed a sentence of death; (3) that the petitioner was convicted or sentenced under an invalid statute." Id. at 787-98, 21 Cal.Rptr.2d at 540-41, 855 P.2d 729. Thus after Clark, a California court's application of the timeliness bar signifies the court's determination that "the petitioner has failed to establish the absence of substantial delay or good cause for the delay, and that none of the four exceptions set out in Clark apply." In re Robbins, 18 Cal.4th 770, 814 n. 34, 77 Cal.Rptr.2d 153, 182, 959 P.2d 311 (1998)(citations omitted) ("Robbins"); see also LaCrosse v. Kernan, 244 F.3d 702, 705 (9th Cir. 2001).

Bennett 2005 WL 827071 *3-4.

Since In re Clark, it cannot be seriously contended that California's timeliness rule for all habeas petitions—capital and non-capital—is other than well established. In several cases, the state supreme court has gone to great lengths to emphasize the importance of this rule. In re Clark, supra, In re Robbins, supra, In re Gallegos, 18 Cal. 4th 825, 77 Cal. Rptr. 2d 132 (1988); In re Sanders, supra. In Bennett, the Ninth Circuit implicitly found these standards to be well-established.

Moreover, as this court stated in its findings and recommendations filed March 3, 2004, in Stanley v. Woodford, CIV S-95-1500 FCD GGH P, there is nothing in these standards that is not mirrored to a large degree in federal timeliness law. For example, the AEDPA limitations period does not even commence to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Similarly, a state prisoner will be found to have proceeded without substantial delay if the petition was filed within a reasonable time after he (or the attorney) knew or should have known of the facts and became aware, and/or should have become aware of the law favoring his claim. The standards are substantively identical. Furthermore, the federal law has its own "good cause" escape hatch in the form of equitable tolling. The circumstances that give rise to equitable tolling, much like those giving rise to good cause under the California scheme, cannot be completely chronicled ahead of time. Rather, the standards under both federal and state schemes will become fleshed out with the addition of

5

explicated decisions. Thus, one may avoid the federal statute of limitations if the prison law library was not stocked with AEDPA laws, Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000), or a clerk's office snafu impeded timely filing, Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002), or one's attorney committed gross negligence in the habeas process (as opposed to mere negligence), Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). If federal timeliness law may possess such discretionary aspects, why cannot state law possess the same? The answer is that limitations can, and sometimes must, have such discretionary aspects. See Wood v. Hall, 130 F.3d 373, 377 (9th Cir. 1997) (fact that procedural bar calls for exercise of discretion does not invalidate the bar). Thus, the undersigned does not find that the California timeliness standards are unclear or uncertain because they do not attempt to identify and describe every possible application of good cause.

For these reasons, the court finds that petitioner's challenge to California's timeliness bar on grounds that it is not well-established is without merit.

The court now turns to the more difficult question of whether California's timeliness rules are consistently applied. In Bennett, the Ninth Circuit discussed the burden of proof as to this issue.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

322 F.3d at 586.

In the instant case, the state has met its first burden of pleading the existence of an independent and adequate state procedural ground as an affirmative defense, i.e. the timeliness bar. The court now considers whether petitioner has met his burden of asserting specific factual allegations demonstrating the inconsistent application of that rule.

/////

To demonstrate that the timeliness rule was not consistently applied, in his supplemental traverse petitioner presented twelve orders by the California Supreme Court in 1998 denying habeas petitions on the merits without comment or citation. Supplemental Traverse, Exhibits 1-12. Because the convictions of these petitioners became final in 1983, 1987, 1989, 1990, 1992, 1994, 1995 and 1996 respectively, petitioner contends that the timeliness bar could have been, but was not, applied. Petitioner argues that these cases demonstrate that the timeliness bar is not consistently applied.

For the following reasons, the court finds that these post-card orders do not demonstrate inconsistent application of the timeliness bar. These orders do not discuss whether the California Supreme Court found applicable any of the exceptions to the timeliness bar, which presumably it did. Petitioner's solution to this problem would be to task this court with reviewing the state court records of these cases to determine whether any exception applied. The logistics of wading through volumes and volumes of other case material to arrive at an independent assessment of what was reasonable for the state supreme court to decide smacks of absurdity. Moreover, in Bennett, the Ninth Circuit stated that in determining the adequacy of a procedural review, federal courts should review the *text* of the state court opinions rather than conduct a post hoc examination of pleadings and records. 322 F.3d at 583-584.

Petitioner also argues that the court may consider the post-card orders because in Powell v. Lambert, 357 F.3d 871 (9th Cir. 2004) the Ninth Circuit stated that courts could consider unpublished opinions in determining the adequacy of state procedural rules. In Powell, the Ninth Circuit found that a procedural rule under Washington law was not adequate to bar federal claims because it was not consistently applied. The Ninth Circuit considered *reasoned* unpublished decisions in making this determination. 357 F.3d at 876-879. The post-card denials submitted by petitioner are not reasoned decisions. The undersigned believes that reference to published or other explicated decisions to review consistency of application commences the only feasible methodology. On this point, neither side has contended that reasoned decisions of the

California Supreme Court at about the time of the Robbins decision, or since that decision, have been inconsistent.  The court does not find so either.  See In re Gallego, 18 Cal. 4th 825, 77 Cal. Rptr. 2d 132 (1998); In re Sanders, 21 Cal. 4th 697, 87 Cal. Rptr. 2d 899 (1999) (emphasizing the need for timeliness petitions but finding good cause in the particular circumstances of the case); People v. Molotla, 2004 W.L. 1068840 (Cal. App. 2004) (unpublished).

On remand, the district court in Bennett recently determined that the petitioner had met his burden of demonstrating inconsistent application of the timeliness rule.  Bennett v. Mueller, 364 F. Supp. 2d 1160, 2005 WL 827071 (C.D. Cal. April 1, 2005).  In Bennett, the petitioner submitted letters from a deputy clerk of the California Supreme Court to the petitioner stating that there was no time limit in which to file an original petition.  2005 WL 827071 *13.  The district court found that in light of the California Supreme Court's concurrent practice of denying petitions for substantial and unjustified delay, such advisements would render potential petitioners legitimately confused about the timeliness of the bar.  Id.

At oral argument, petitioner's counsel stated that she would attempt to obtain the clerk's letters submitted in Bennett and provide them to this court.  Although counsel has evidently not obtained the letters, had they been submitted, this court would not find that they demonstrated inconsistent application of a state procedural rule.  A letter from a deputy clerk is not a legitimate source of legal authority.  The deputy clerk may have drafted the letter without consulting the court itself.   A letter from the deputy clerk is not evidence of whether the California Supreme Court regularly and consistently applied a procedural rule.

For the reasons discussed above, the court finds that petitioner has not met his burden of demonstrating inconsistent application of the timeliness rule.  Therefore, the burden does not shift back to respondent to prove consistent application.  For the reasons stated in the March 14, 2000, findings and recommendations, the court again finds that petitioner has failed to demonstrate cause and prejudice for his default, or that a fundamental miscarriage of justice
\\\\\

would result if the court failed to consider his claims.  <u>See</u> March 14, 2000, findings and recommendations, pp. 16-17.

        Because petitioner's remaining claims are procedurally barred, the court recommends that this action be dismissed.

        The court appreciates the helpful briefing and oral argument presented by both sides in this action.

        Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed on grounds that the remaining claims are procedurally barred.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/22/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

doug775.157