UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GORDON ANDREW DOUGLAS,

        Petitioner,

  v.

S. CAMBRA, et al.,

        Respondents.

_____/

NO. CIV. S-97-0775 FCD GGH P

ORDER

----oo0oo----

    Petitioner, Gordon Douglas ("petitioner"), a state prisoner, proceeding through counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 18, 2000, this court dismissed as procedurally defaulted petitioner's claims that were raised in his state habeas petition but not in his petition for review. On July 19, 2004, the Ninth Circuit Court of Appeals reversed and remanded this order. The Ninth Circuit stated that petitioner did not have sufficient notice or opportunity to prepare arguments regarding the adequacy of procedural rules

1  under the new standard described in <u>Bennett v. Mueller</u>, 322 F.3d
2  573 (9th Cir. 2003).  On October 13, 2004, the court ordered the
3  parties to file briefing addressing the remaining claims.  On
4  November 8, 2004, respondent filed a supplemental answer. On
5  March 7, 2005, petitioner filed a supplemental traverse.
6       On June 22, 2005, the magistrate judge issued findings and
7  recommendations concluding that petitioner's remaining claims
8  be dismissed procedurally barred.  These findings and
9  recommendations were served on the parties and contained notice
10 to the parties that any objections to the findings and
11 recommendations were to be filed within twenty days after the
12 date of service of the findings and recommendations.  On June 30,
13 2005, petitioner filed objections to the findings and
14 recommendations.  On July 14, 2005 respondents filed a reply to
15 petitioner's objections.  For the reasons set forth below, the
16 court does not adopt the magistrate's findings and
17 recommendations and remands to the magistrate judge for further
18 proceedings consistent with this order.

## STANDARD

20 When timely objections to findings by a magistrate judge are
21 filed, the district court must conduct a de novo determination of
22 the findings and recommendations as to issues of law.  28 U.S.C.
23 § 636(b)(1).  The district court may adopt, reject, or modify in
24 part or in full the findings and recommendations.  28 U.S.C. §
25 636(b)(1)(C).
26 / / /
27 / / /
28 / / /

**ANALYSIS**

In <u>Bennett</u>, the Ninth Circuit considered whether California's timeliness rule constituted an independent and adequate state ground barring federal relief. The court found the timeliness rule to be independent, but remanded the issue of adequacy to the district court. <u>Id.</u> at 581, 586. The court also set forth a burdens shifting framework to apply when the state invokes the affirmative defense of an independent and adequate state procedural ground:

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

<u>Id.</u> at 586.

As <u>Bennett</u> decided that California's timeliness bar constitutes an independent ground for dismissal, the question presented to the magistrate judge was whether it was also adequate. To be deemed adequate, a state law ground for decision must be well-established and consistently applied. <u>Bennett</u>, 322 F.3d at 582, citing <u>Poland v. Stewart</u>, 169 F.3d 573, 577 (9th Cir. 1999). Petitioner contends that California's timeliness bar fails both elements.

In the findings and recommendations, the magistrate judge found that "[s]ince <u>In re Clark</u>, it cannot be seriously contended that California's timeliness rule for all habeas petitions —capital and non-capital— is other than well established." (June

3

22, 2005 Findings & Recommendations ("F&R") at 5 [citing In re Clark, 5 Cal. 4th 750 (1993)].) The magistrate judge also concluded that respondents met their burden to plead the existence of an independent and adequate state procedural ground as an affirmative defense, but found that petitioner had not met his burden of persuasion to put in issue inconsistent application. (F&R at 6-8.) The magistrate judge found the evidence cited by petitioner to be incompetent, specifically (1) twelve unpublished "postcard denials" in cases in which the convictions became final at or before petitioners, where the California Supreme Court could have, but did not apply the timeliness bar, and (2) reference to - but not an actual copy of – a letter sent by the clerk of the California Supreme Court to California inmates indicating that there was no time limit to file a habeas petition.

In rejecting the twelve post-card orders, the magistrate judge concluded that petitioner may cite only reasoned decisions because it is impossible to ascertain from an unreasoned post-card denial whether the California Supreme Court considered but in fact rejected the timeliness defense or decided not to reach the defense solely because it was more expedient to resolve the merits than address a complicated timeliness bar question. (F&R at 6-8.) While there is an appealing logic to this analysis, the Ninth Circuit nevertheless has relied on such unreasoned post-card denials in the past. Morales v. Calderon, 85 F.3d 1387 (9th Cir. 1996). In Morales, the Ninth Circuit cited petitioner's evidence of 35 post-card denials in concluding that the petitioner had demonstrated inconsistent application of

4

1  California's timeliness bar in a pre-In re Clark capital case.
2  The court noted:

3  > It is theoretically possible, we suppose, to reconcile and explain all of the California Supreme Court decisions entertaining on the merits or rejecting as untimely petitions that are three or more years old. Those divergent decisions may indeed represent consistent exercises of discretion rather than random applications of or exceptions to the timeliness rule. But we have no way of knowing whether that is the case. The California Supreme Court's denials of habeas petitions that Morales relies upon were accomplished by brief minute entries in what has been described as "post-card denial." We can discern no apparent relationship between the time of delay and the findings concerning timeliness. Nor could Morales be expected to do so.

11 Id. at 1392.  In light of Morales, the court must find that the
12 post-card denials are competent evidence and are sufficient to
13 meet petitioner's burden to put in issue the question of
14 consistent application.  As a result the burden shifts to
15 respondent to satisfy its ultimate burden to demonstrate
16 consistency.  Bennett, 322 F.3d at 586.

**CONCLUSION**

The findings and recommendations of the magistrate judge as to the timeliness bar are not adopted and the case is remanded to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED: August 26, 2005.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

5